# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| SEBASTIAN PEREZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-cv-2192 |
| | § | |
| NATIONAL LIABILITY & FIRE | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## <u>MEMORANDUM OPINION</u>

Pending before the Court is Defendant National Liability & Fire Insurance Company's ("National") Partial Motion to Dismiss or Alternatively, to Sever and Abate (ECF No. 9).[1] Based on a review of the motion, arguments, and applicable law, the Court **GRANTS IN PART** National's motion (*id.*). The Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's breach of contract claim for lack of subject matter jurisdiction. The Court **FURTHER ABATES** discovery and all other activity related to Plaintiff's non-contractual claims.

## I.    Background

This case concerns a dispute for underinsured motorist ("UIM") benefits. On May 14, 2025, Plaintiff Sebastian Perez ("Perez") filed a Complaint against

---

[1] The parties have consented to the jurisdiction of the Magistrate Judge for all purposes, including entry of final judgment. (ECF No. 16).

National based on diversity jurisdiction. (ECF No. 1). On January 3, 2022, Perez was allegedly driving a commercial vehicle during his employment with Hazmat International, Inc. ("Hazmat") and was rear-ended by a truck driven by Lucio Torres ("Torres"). (*Id.* at 2). Torres "was issued a citation for failing to control his speed" and was deemed "the sole cause" of the accident. (*Id.*). Torres had an automobile insurance policy issued by Progressive with a bodily injury liability coverage limit of $30,000 per person; however, Torres was underinsured for Perez's damages from the accident. (*Id.*). Perez, through Hazmat, has been a beneficiary under National's insurance policy No. 73 APB 00476. (*Id.*) National gave Perez "consent to settle his claims with Torres and his insurance carrier for their insurance policy limits." (*Id.*). Accordingly, Torres's insurance carrier, Progressive, "tendered the full limits of its bodily injury coverage to Plaintiff." (*Id.*). In September 2024, Plaintiff sent National a demand letter and offered to settle his UIM claim pursuant to National's policy limits. (*Id.* at 3). National refused Perez's offer, and this lawsuit followed. (*Id.*).

In his Complaint, Perez asserts causes of action for (1) violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act ("DTPA"); (2) a declaratory judgment that he is entitled to recover under the UIM insurance contract; and (3) alternatively a "judgment against National for breach of contract" for failure to pay damages pursuant to the terms of the UIM

contract. (*Id.* at 3–5). For relief, Plaintiff seeks damages, attorney's fees, interest, and costs. (*Id.* at 4–6).

National filed a Partial Motion to Dismiss or, Alternatively, to Sever and Abate. (ECF No. 9). Although National does not seek dismissal of Perez's cause of action for declaratory judgment, National seeks dismissal of the claims for breach of contract, violations of the Texas Insurance Code, and violations of the DTPA for lack of subject matter jurisdiction under Federal Rule of Civil Procedure ("Rule") 12(b)(1), or for failure to state a claim under Rule 12(b)(6). (*Id.* at 1–3). Alternatively, National requests these claims be severed and abated under Rule 21, or bifurcated and abated under Rule 42(b), pending resolution of Perez's declaratory-judgment action. (*Id.* at 1, 3, 8). Perez filed a response in opposition (ECF No. 14), and National filed a reply (ECF No. 19).

## II.  Legal Standard

### A. Rule 12(b)(1)

Under Rule 12(b)(1), a claim may be dismissed for lack of subject matter jurisdiction. The Constitution confers federal courts jurisdiction to adjudicate "cases" and "controversies." U.S. CONST. ART. III, § 2, cl. 1; *Shields v. Norton*, 289 F.3d 832, 834–35 (5th Cir. 2002). "A case or controversy must be ripe for decision, meaning that it must not be premature or speculative. That is, ripeness is a constitutional prerequisite to the exercise of jurisdiction." *Shields*, 289 F.3d at 835. Federal courts may raise jurisdictional defects *sua*

*sponte*, including subject matter jurisdiction under the ripeness doctrine. *McCall v. Dretke*, 390 F.3d 358, 361 (5th Cir. 2004) (citations omitted).

"A court should dismiss a case for lack of 'ripeness' when the case is abstract or hypothetical." *Dahl v. Vill. of Surfside Beach*, No. 22-40075, 2022 WL 17729411, at *2 (5th Cir. Dec. 16, 2022) (quoting *New Orleans Pub. Serv. v. Council of New Orleans*, 833 F.2d 583, 586 (5th Cir. 1987)). In other words, if a case "rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all,'" then it is not ripe, and must be dismissed. *Texas v. United States*, 523 U.S. 296, 300 (1998); *Dahl*, 2022 WL 17729411, at *2.

**B. Rule 12(b)(6)**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing a motion to dismiss under Rule 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). Because

4

a complaint must be liberally construed in favor of the plaintiff, a motion to dismiss under Rule 12(b)(6) is generally viewed with disfavor and is rarely granted. *See IberiaBank Corp. v. Ill. Union Ins. Co.*, 953 F.3d 339, 345 (5th Cir. 2020).

### C. Bifurcation, Severance, and Abatement

According to Rule 42(b), "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." "When ordering a separate trial, the court must preserve any federal right to a jury trial." *Id.* The burden is on the party seeking separate trials to show they are necessary, and the decision is left to the "sound discretion of the trial court." *Maguire v. State Farm Mut. Auto. Ins. Co.*, No. 3:19-cv-00339, 2020 WL 13441595, at \*2 (S.D. Tex. Mar. 3, 2020) (citation omitted). Under Rule 21, the court "may also sever any claim against a party."

Federal courts enjoy discretion to abate claims. *See, e.g.*, *Perez v. State Farm Mut. Auto. Ins.*, No. 18-cv-4531, 2019 WL 2075931, at \*2 (S.D. Tex. May 10, 2019) (exercising discretion to grant separate trials and to abate discovery of extra-contractual claims until the UIM issues were decided and the court entered judgment on the UIM claims). "The key question for courts when exercising this discretion is whether abatement will aid judicial efficiency and

economy." *Debesingh v. Geovera Specialty Ins.*, No. 4:18-cv-02316, 2018 WL 4810629, at *3 (S.D. Tex. Oct. 4, 2018) (citation omitted).

## III. Discussion

First, National argues the UIM breach of contract claim and Texas statutory claims must be dismissed for lack of subject matter jurisdiction because the claims are not ripe until Perez obtains a judgment establishing he is entitled to UIM benefits. (ECF No. 9 at 4–5). Second, and relatedly, National argues the claims should be dismissed for failure to state a claim because Perez has not obtained a judgment establishing the conditions precedent for UIM coverage, and thus, he is not entitled to relief. (*Id.* at 5–9). In the alternative, National contends that even if the claims survive dismissal, "they must still be severed and abated pending resolution of the declaratory-judgment action and entry of a final judgment establishing that Plaintiff is legally entitled to recover UIM benefits." (*Id.* at 6).

### A. Breach of Contract Claim

In this diversity case, the Court applies the substantive law of the forum state—Texas. *Am. Int'l Specialty Lines Ins. Co. v. Canal Indem. Co.*, 352 F.3d

254, 260 (5th Cir. 2003).[2] To recover benefits under a UIM policy under Texas law, the policy beneficiary must show "(1) that the insured has underinsured motorist coverage, (2) that the underinsured motorist negligently caused the accident that resulted in the covered damages, (3) the amount of the insured's damages, and (4) that the underinsured motorist's insurance coverage is deficient." *In re Liberty Cnty. Mut. Ins. Co.*, 537 S.W.3d 214, 220 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (citing *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006)). "[T]he insured must establish both fault on the part of the underinsured driver and the extent of the claimant's damages before becoming entitled to recover UIM benefits." *Lafleur v. State Farm Mut. Auto. Ins. Co.*, No. 5:25-cv-17, 2025 WL 1332045, at *2 (S.D. Tex. May 7, 2025); *see also Mota v. Nat'l Union Five Ins. Co. of Pittsburgh, PA.*, No. 2:23-cv-00116, 2024 WL 4948636, at *3 (S.D. Tex. Mar. 29, 2024) (explaining that a UIM insurer "is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist"). That requisite determination may be obtained as a judgment

---

[2] Texas's statutory language for recovery based on UIM coverage states, "[UIM] coverage must provide for payment to the insured of all amounts that the insured is legally entitled to recover as damages from owners or operators of underinsured motor vehicles because of bodily injury or property damage, not to exceed the limit specified in the insurance policy, and reduced by the amount recovered or recoverable from the insurer of the underinsured motor vehicle." TEX. INS. CODE § 1952.106.

directly "against the tortfeasor, or alternatively . . . in a declaratory judgment action against the insurer." *Lafleur*, 2025 WL 1332045, at *3.

As such, a plaintiff seeking UIM benefits may state a plausible claim for breach of contract if he (1) "obtains a judgment establishing the liability and underinsured status of the other motorist," or (2) "settle[s] with the tortfeasor . . . and then proceed[s] to litigate UIM coverage with the insurer" through a declaratory judgment claim. *Ali v. Allstate Indem. Co.*, No. 4:20-cv-02769, 2021 WL 3868306, at *2 (S.D. Tex. Aug. 9, 2021), *report and recommendation adopted*, No. 4:20-cv-02769, 2021 WL 3860716 (S.D. Tex. Aug. 30, 2021). "Indeed, it is well-settled that neither a tortfeasor's admission of liability nor a settlement with them will trigger UIM coverage under Texas law. The same applies to simply filing a lawsuit against the plaintiff's insurer for UIM benefits." *Lafleur*, 2025 WL 1332045, at *3.

Here, Perez has only gone so far as to settle with Torres and file this lawsuit. (ECF No. 1 at 2). In the Complaint, Perez seeks a declaratory judgment establishing Torres's fault and his entitlement to benefits—but has not obtained one. (*Id.* at 3–4). And National expressly refutes that such a judgment exists or has been entered (*see* ECF No. 9 at 4–5 ("Plaintiff has not obtained a judgment establishing the other driver's liability and underinsured status. . . . Until a judgment is entered, National has no contractual duty to pay UIM benefits.")). "Thus, [Perez] has not complied with the condition that

8

would make him eligible for his UIM benefits, and consequently, he cannot yet demonstrate that [National] has ducked its contractual duty to pay." *Lafleur*, 2025 WL 1332045, at *3.

"[U]ntil [Perez] obtains a judgment establishing the [tortfeasor's] liability and underinsured status, his purported injury . . . is abstract and contingent on future events that may or may not occur." *Id.* (collecting cases). At this juncture, Perez's breach of contract claim is improper—"his declaratory judgment action is 'the proper vehicle' to litigate whether he is eligible for UIM benefits." *Id.* (citations omitted). "Simply put, the need for further facts regarding [Perez's] UIM benefits plainly renders his breach of contract claim unripe, and the Court cannot exercise subject matter jurisdiction over it." *Id.*; *see also Mota*, 2024 WL 4948636, at *10 (dismissing UIM breach of contract claim without prejudice for lack of subject matter jurisdiction); *Ibarra v. Allstate Fire & Cas. Ins. Co.*, No. 20-cv-280, 2020 WL 3259806, at *3 (W.D. Tex. June 16, 2020) (same).

Accordingly, the Court dismisses without prejudice Perez's breach of contract claim for lack of subject matter jurisdiction.

## B. Non-Contractual, Statutory Claims

National next posits that "resolution of the declaratory-judgment claim may avoid a breach of contract and moot any extracontractual claims." (ECF No. 9 at 8). According to National, "[b]ecause there is no basis to proceed with

the [extracontractual] Claims at this time, they should be severed and abated pending resolution of the declaratory-judgment action." (*Id.* (citing FED. R. CIV. P. 21)). National alternatively suggests "they should be bifurcated, abated, and tried after the issues related to UIM coverage have been resolved." (*Id.* (citing FED. R. CIV. P. 42(b))). The Court finds that abatement of these claims is the proper course.

"It is well-settled that, before an insured can recover on extra-contractual causes of action against an insurer for failing to pay or settle a UIM-insurance claim, the insured must first establish that the insurer is liable on the contract." *Maguire,* 2020 WL 13441595, at \*2 (collecting cases). Therefore, Texas courts have long favored severance (or bifurcation) and abatement of non-contractual claims in UIM cases. *Id.* (collecting cases). To be clear, federal courts are not bound to follow this procedural posture, but courts in this district routinely do. *See Elham v. State Farm Mut. Auto. Ins.,* No. 4:24-cv-2235, 2024 WL 4219745, at \*2 (S.D. Tex. Sep. 17, 2024) (collecting cases); *Hoang v. Allstate Fire & Cas. Ins. Co.,* No. 4:22-cv-4082, 2023 WL 11999535, at \*3 (S.D. Tex. Nov. 15, 2023) (same). Courts have likewise recognized that for "bad faith claim[s], abatement, not dismissal, is the appropriate treatment." *Lafleur,* 2025 WL 1332045, at \*4 (citing *Gomez v. Allstate Fire & Cas. Ins. Co.,* No. 1:18-cv-0950, 2019 WL 5149859, at \*2 (W.D. Tex. May 29, 2019) (citing *Perez,* 2019 WL 2075931, at \*2)).

The Court finds National "should not be required to engage in discovery of extra-contractual issues before the underlying UIM liability is determined because such discovery may be rendered moot." *Maguire*, 2020 WL 13441595, at *4 (quoting *In re Liberty Cnty. Mut. Ins.*, 537 S.W.3d at 221). "Abatement of the non-contractual claims also serves the judicial economy, ensuring that any trial in this matter is appropriately tailored to the relevant issues." *Lafleur*, 2025 WL 1332045, at *4 (citing *Accardo v. Am. First Lloyds Ins. Co.*, No. 11-cv-0008, 2012 WL 1576022, at *5 (S.D. Tex. May 3, 2012)). As such, the Court grants in part National's request and abates the non-contractual claims.

Worth noting, the Court declines to sever or bifurcate Perez's non-contractual claims from the contractual claims. *See Lafleur*, 2025 WL 1332045, at *4 (citing *Ache v. Witte*, No. 6:20-cv-1320, 2020 WL 6240231, at *1 (W.D. La. Oct. 21, 2020) ("Under [Rule 21], the Court may *sua sponte* sever any claim against any party."); FED. R. CIV. P. 42(b); *Elham*, 2024 WL 4219745, at *1 ("Whether separate trials are warranted is left to the sound discretion of the trial court." (citation and internal quotations omitted))). The Court finds that abating the non-contractual claims best serves judicial economy at this time, rather than severing the claims and opening a new case or ordering a separate trial. *See Debesingh*, 2018 WL 4810629, at *3. "Several sister district courts have adopted this approach, allowing the parties to simply reinstate their non-contractual claims when the time is right." *Lafleur*, 2025 WL 1332045, at *4

11

(citing *Gomez*, 2019 WL 5149859, at \*2–3 (dismissing a breach of contract claim and abating, but not severing or bifurcating, a bad faith claim while the parties litigate a declaratory judgment action); *Accardo*, 2012 WL 1576022, at \*3, \*5 n.3, \*6 (same); *Schober v. State Farm Mut. Auto. Ins.*, No. 3:06-cv-1921, 2007 WL 2089435, at \*4–5 (N.D. Tex. July 18, 2007) (dismissing the breach of contract claim for lack of jurisdiction and abating, but not severing or bifurcating, the non-contractual bad faith and exemplary damages claims)). "Although bifurcation or severance of the claims may later become necessary, the Court will cross the bridge when it comes to it." *Id*.

## IV.    Conclusion

Based on the foregoing, the Court **GRANTS IN PART** National's Partial Motion to Dismiss or Alternatively, to Sever and Abate (ECF No. 9).  The Court **DISMISSES WITHOUT PREJUDICE** Perez's breach of contract claim for lack of subject matter jurisdiction.  The Court **FURTHER ABATES** discovery and all other activity related to Perez's non-contractual claims.

**SIGNED** in Houston, Texas on March 6, 2026.

Richard W. Bennett
United States Magistrate Judge